(83 Misc. Rep. 107.)

### FISCHMAN v. LEVIN.

(Supreme Court, Appellate Term, First Department. December 11, 1913.)

1. CHATTEL MORTGAGES (§ 253*)—PAYMENT—WAIVER OF DEFAULT.

    Though there was no consideration for a chattel mortgagee's agreement to extend the time of payment of an installment, yet by accepting the payment he waived his right to a forfeiture.

    [Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 524; Dec. Dig. § 253.*]

2. CHATTEL MORTGAGES (§ 176*)—CONVERSION BY MORTGAGEE—EVIDENCE—ADMISSIBILITY.

    Where, in an action by the assignee of a mortgagor against the mortgagee for conversion of the mortgaged chattels, the issue was whether there was a default in payment, evidence that the assignee agreed to pay to prevent removal of the property, if the mortgagee would give her time to draw the money from the bank, was admissible only as a part of the res' gestæ, and it was error to permit the assignee to follow it up by other evidence showing the amount of her bank account.

    [Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 335, 337–339; Dec. Dig. § 176.*]

3. CHATTEL MORTGAGES (§ 176*) — CONVERSION BY MORTGAGEE — VALUE OF PROPERTY—MEASURE OF DAMAGES.

    The measure of damages for a conversion by the mortgagee of the mortgaged chattels is the value of the chattels, less the amount unpaid on the mortgage.

    [Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 335, 337–339; Dec. Dig. § 176.*]

Appeal from City Court of New York, Trial Term.

Action by Sarah Fischman against Samuel Levin. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

Max Schleimer, of New York City, for appellant.
Louis A. Jaffer, of New York City, for respondent.

LEHMAN, J. The plaintiff is the assignee of certain property, which was at the time subject to a chattel mortgage in favor of the defendant. The chattels covered by the mortgage were subsequently seized by the defendant, and the plaintiff has thereupon brought an action for the alleged conversion of the chattels covered by the mortgage, as well as the conversion of other chattels which plaintiff claims were seized or destroyed at the time that the chattels covered by the mortgage were removed. Upon the trial of the action the plaintiff recovered a judgment for $1,500.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Upon this appeal the defendant claims that the plaintiff has failed to properly allege or prove that the defendant was not acting within his lawful rights when he seized the chattels covered by the mortgage. The plaintiff claims that there was no default in the payment of the installments due under the mortgage as modified by a subsequent agreement. It must be conceded that the theory upon which the plaintiff claims that the mortgage was prematurely foreclosed is not very clear; but in my opinion the proof is sufficient to show, either that there was no default under the original mortgage, or that the defendant agreed to modify the provisions in regard to the dates of payment of installments and accepted payment of one installment from the plaintiff under the modification of the mortgage.

[1] Regardless then of any question as to whether the agreement to modify the mortgage was based upon a valid consideration, the defendant, after accepting the payment of an installment from the plaintiff under the modified contract, cannot claim that the payment of that installment did not secure to the plaintiff the right of possession of the mortgaged chattels, at least until there was a default in the payment of the next installment.

[2] The defendant further urges that the plaintiff willfully and constantly interjected into the case statements calculated to prejudice the jury, and that the trial justice should have granted a mistrial on this account. It appears from the record that the plaintiff did constantly fight with counsel and made remarks of a prejudicial nature, which the trial justice ordered the jury to disregard, and for which he rebuked the plaintiff. Whether these remarks were sufficient to cause a reversal of the judgment need not now be considered, because in my opinion there are other errors in the record which should preclude us from affirming the judgment.

The plaintiff testified that she offered to pay the amount of the mortgage rather than submit to a removal of the chattels, if the defendant would give her time to obtain a check and draw the amount from her bank account. This evidence is admissible only as part of the res gestæ, but is not material upon the real issues of the case, because if there was a default in the mortgage, and the mortgagee had a right to the possession of the chattels, he was not bound to extend further time to the plaintiff. The trial justice, however, gave an appearance of real materiality to the testimony by permitting the plaintiff to follow it up with proof that she had $2,000 in her bank account at the time. The introduction of this bank account in my opinion is a serious error.

[3] Still more important, however, is the fact that I think the award of damages is excessive. The testimony as to the articles converted and the value is very vague, and the qualifications of the alleged experts not very satisfactory. The plaintiff was required to furnish a bill of particulars of the items converted and damaged, and though the testimony describing the articles seized and removed is so indefinite that it is impossible to point out definitely which articles are not covered by the bill, still it is quite evident that the plaintiff has recovered judgment for the value of more articles than are specified, even though we give the bill its widest significance. Moreover, no deduction was made for

the amount of $375, concededly unpaid under the chattel mortgage. The true rule of damages in this action is the value of the chattels less the interest of the defendant in the chattels; i. e., the amount still unpaid upon the mortgage. See Sedgwick on Damages (9th Ed.) §§ 82, 497e; also Russell v. Butterfield, 21 Wend. 300.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.